UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

EDGAR VELLOTTI,                                                   CIVIL ACTION

    Plaintiff                                                            NO.

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant

_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in Waterbury, Connecticut.

4. The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## **FACTS**

5.  During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6.  At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an E-Cleaner at or about Derby, Connecticut.

7.  At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.  On or about June 12, 2019, the plaintiff was engaged in his duties as an E-Cleaner at the Derby Train station in Derby, Connecticut and all pickup trucks, premises, working areas, lines, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant Railroad.

9.  On or about June 12, 2019, the plaintiff was exiting from the passenger side of Metro-North Chevrolet Pickup Truck 1232M that had no running board/step and the floor of the truck was greater than 24 inches above the ground and he injured his left knee.

10. On or about June 13, 2019, the plaintiff went to Metro-North's Occupational Health Services, as instructed by a supervisor, so that he could be evaluated. Metro-North's agents evaluated the plaintiff and cleared, or allowed, or instructed, or qualified him to return to work in a full duty capacity. Thereafter, the plaintiff suffered increased pain and discomfort with his left knee and/or aggravated any condition in his left knee.

11. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

    (a)  it failed to provide a truck with a running board or step below the floor level of the truck; and/or

    (b) it provided a truck with an unreasonably high floor; and/or

    (c) it knew or reasonably should have known that stepping or climbing up or down a height of greater than 24 inches could lead to an injury and failed to add a step or running board below the level of the floor; and/or

    (d) it cleared, or allowed, or instructed, or qualified the plaintiff to return to work in a full duty capacity without having him examined by an orthopedic doctor; and/or

    (e) it cleared, or allowed or instructed, or qualified the plaintiff to return to work in a full duty capacity when it knew or reasonably should have known that he suffered a torn meniscus in his left knee; and/or

    (f) it improperly classified the plaintiff's injury as non-occupational when it knew or reasonably should have known that classifying his injury as non-occupational would delay medical treatment and aggravate the pain and discomfort suffered by the plaintiff; and/or

    (g)  it failed to provide a reasonably safe place to work.

12.  As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff suffered injuries to his left knee and/or aggravated a pre-existing condition with his left knee.

13. As a result of the said injuries, and/or aggravation of any pre-existing condition, the plaintiff incurred medical expenses, has suffered and will suffer lost wages and benefits, has suffered physical pain and mental anguish and will continue to suffer in the future, and has impairment to his future earning capacity and diminished economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
Scott E. Perry (CT17236)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
scott@trainlaw.com